UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANNETTE JACKSON; )<br>PEARLIE MAE DUNIGAN, )<br>)<br>    Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>STATE OF TENNESSEE DEPARTMENT )<br>OF CORRECTIONS; WEST TENNESSEE )<br>STATE PENITENTIARY; CORRECT )<br>CARE SOLUTIONS, INC., )<br>)<br>    Defendants. ) | Case No. 1:10-CV-193<br><br>Chief Judge Curtis L. Collier |

**MEMORANDUM**

Before the Court are a motion for summary judgment (Court File No. 8) filed by Defendant Correct Care Solutions, Inc. ("Correct Care Solutions"), a motion to dismiss (Court File No. 14) filed by Defendant State of Tennessee Department of Corrections (the "Department of Corrections"), and a motion to join the motion to dismiss (Court File No. 16) filed by Defendant West Tennessee State Penitentiary ("the State Penitentiary"). For the following reasons, the Court will grant the motion to dismiss, filed by the Department of Corrections (Court File No. 14) and joined in by the West Tennessee State Penitentiary (Court File No. 16) and will dismiss all claims against both of these Defendants. The Court will order Plaintiffs Annette Jackson and Pearlie Mae Dunigan to file a response to the motion for summary judgment filed by Defendant Correct Care Solutions within fourteen (14) days of entry of this order or show cause why the motion for summary judgment should not be granted.

**I.**    **Factual Background**

Plaintiffs Annette Jackson and Pearlie Mae Dunigan ("Plaintiffs") are the sister and mother, respectively, of Mr. Grover Dunigan ("Dunigan"), who died while incarcerated in the Department of Corrections. On or about December 16, 2009, Dunigan became seriously ill while housed in the West Tennessee State Penitentiary. As a result, he was moved from regular population housing to the infirmary where he died. Plaintiffs filed a 42 U.S.C. § 1983 action in this Court against Defendants alleging they acted with deliberate indifference to Dunigan's medical needs, in violation of the Eight Amendment. Plaintiffs seek monetary damages. The facts are taken from Plaintiffs' complaint and are taken to be true (Court File No. 2).

## II. Motion to Dismiss

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure "allow[s] a defendant to test whether, as a matter of law, [a] plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In addition, under Rule 12(b)(6), the Court must construe the complaint in light most favorable to Plaintiffs and determine whether Plaintiffs have pleaded "enough facts to state a claim to relief that is plausible on its face." *See Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010) (referencing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the complaint need only contain a "short and plain statement of the claim showing [] the pleader is entitled to relief," bare assertions of legal conclusions are insufficient, and there must be more than "threadbare recitals of a cause of action[]." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1939 -40 (2009). Even though Plaintiffs represents themselves *pro se*, they are still held to the pleading requirements of Rule 12. *Smith v. Berrios*, No. 5:09-CV-13979, 2010

WL 891623, at *3 (E.D. Mich. Mar. 10, 2010) (citing *Wells v. Brown* , 891 F. 2d 591, 594 (6th Cir. 1989)).

**B.     Discussion**

The Department of Corrections argues Plaintiffs' claims against it are barred by the Eleventh Amendment (Court File No. 14). The Eleventh Amendment provides, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It also bars actions by citizens against their own state in federal court, subject to certain exceptions under which a state may subject itself to suit. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). "Because sovereign immunity extends to 'state instrumentalities,'" the Department of Corrections is entitled to the same immunity as the State of Tennessee. *McCoy v. Michigan*, 369 F. App'x 646, 653 (6th Cir. 2010) (quoting *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

According to the principles of Eleventh Amendment immunity, Plaintiffs do not assert a cognizable cause of action against the Department of Corrections pursuant to 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In order to establish liability under § 1983, Plaintiffs must show: (1) they were "deprived of a right secured by the Constitution [or] laws of the United States," and (2) the deprivation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). Here, the Department of Corrections is not amenable to suit under § 1983 because it is not a "person" as defined by the law. *Will*, 491 U.S. at 71. Therefore, this Court will

3

dismiss all claims against the Department of Corrections.

### III. Motion for Joinder

The West Tennessee State Penitentiary has also moved to join in the Department of Correction's motion to dismiss (Court File No. 16). Because it is also an agency of the state, and for the reasons stated above, all claims against the West Tennessee State Penitentiary will be dismissed.

### IV. Motion for Summary Judgment

#### A. Standard of Review

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the nonmoving party is not entitled to a trial based on its allegations alone, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The moving party is entitled to summary judgment if the nonmoving party fails to make a

sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. If the Court concludes a reasonable jury could not find for the nonmoving party, the Court should enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### B. Discussion

Correct Care Solutions moves this court to grant its motion for summary judgment on the grounds it did not have a contract with the Department of Corrections to provide care for inmates at the time Dunigan was incarcerated (Court File No. 8). In support of its motion, Correct Care Solutions attached an affidavit from its Executive Vice President, certifying Correct Care Solutions has never contracted with the state of Tennessee to provide inmate health care services at any Tennessee Department of Corrections institutions (Court File No. 8-1).

Plaintiffs failed to file a response to this motion. Pursuant to E.D.TN. LR. 7.2, "failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." Nonetheless, because Plaintiffs filed their complaint *pro se* and because discovery has not been opened in this case, the Court will give Plaintiffs one more opportunity to respond to Correct Care Solutions' motion for summary judgment (Court File No. 8).

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** the motion to dismiss filed by the Department of Corrections (Court File No. 14) and joined in by the West Tennessee State Penitentiary (Court File No. 16). Accordingly, all claims against the Department of Corrections and the West Tennessee State Penitentiary will be **DISMISSED.**

In regards to Correct Care Solutions' motion for summary judgment, the Court will **ORDER**

Plaintiffs to:

1) File a response to the pending motion for summary judgment (Court File No. 8) **within fourteen (14) days** of entry of this Order; or

2). Otherwise **SHOW CAUSE** as to why Plaintiffs' failure to response should not be deemed a waiver of any opposition to the motion pursuant to E.D.TN. L.R. 7.2.

Unless Plaintiffs respond or show adequate cause, Correct Care Solutions' motion will be summarily granted.

**An Order Shall Enter.**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**