IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANNETTE JACKSON and
PEARLIE MAE DUNIGAN )
    Plaintiffs, )
) CASE NO. 1:10-cv-193
v. ) COLLIER/CARTER
)
STATE OF TENNESSEE'S DEPARTMENT )
OF CORRECTIONS, ET AL. )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiffs move pursuant to Fed. R. Civ. P. 15 to amend their complaint to add a defendant, First Medical Management. [Doc. 30]. More specifically, plaintiffs move to substitute First Medical Management in place of Correct Care Solutions in the complaint.

This action arises from the death of Grover Dunigan, an inmate at the West Tennessee State Penitentiary. Plaintiffs filed a 42 U.S.C. § 1983 action in this Court against all defendants, including Correct Care Solutions, alleging they acted with deliberate indifference to Mr. Dunigan's medical needs, in violation of the Eighth Amendment, thereby causing his death. Plaintiffs also allege that Correct Care Solutions "was acting under the authority or color of state [sic] the State of Tennessee law." (Complaint at p. 2, Doc. 2). Correct Care Solutions has been dismissed on the ground that it at no time contracted with the State of Tennessee to provide inmate health care services at any Tennessee Department of Corrections state prison. Plaintiffs seek to amend on the ground that they have recently learned that First Medical Management had a contract with the State of Tennessee to provide medical care where Mr. Dunigan was being housed when he died. Plaintiffs do not seek to add new allegations regarding First Medical

1

Management; they only seek to substitute First Medical Management for Correct Care Solutions.

Leave to amend shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). However, leave to amend need not be given where the amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hutsel v. Sayre*, 5 F.3d 996, 1006 (6 th Cir. 1993).

In the instant case, if the Court permitted the amendment, the claim asserted against First Medical Management would be an Eighth Amendment claim brought under 42 U.S.C. § 1983 for damages. If indeed First Medical Management were acting under color of state law as alleged by the plaintiffs, then First Medical Management would be entitled to sovereign immunity under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101(1984) ("The Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest"); *Ibrahim v. Titan Corporation*, F. Supp.2d 10, 14 n. 3 (D. D.C. 2005) ("plaintiffs cannot allege that conduct is state action for jurisdictional purposes but private action for sovereign immunity purposes.") If First Medical Management were not acting under color of state law, then plaintiffs could not maintain a claim against it under 42 U.S.C. § 1983 for damages. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (in order to establish liability under Section 1983, plaintiff must show he was deprived of a right secured by the Constitution or the laws of the United States and the deprivation was caused by a person acting under color of state law); *accord, Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

The allegations in this case are serious and disturbing. Nevertheless, the amendment plaintiffs request would be futile, and it is therefore RECOMMENDED plaintiffs' motion to amend be DENIED.[1]

                                                                            s/William B. Mitchell Carter
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(a). Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).